(101 App. Div. 108)

### O'BRIEN v. WILLIAMSBURG SAV. BANK et al.

(Supreme Court, Appellate Division, Second Department. January 27, 1905.)

1. TRUSTS—BANK DEPOSIT.

> Where, before opening a bank deposit in her own name, "In trust for" B., deceased declared her intention that the deposit should be for the benefit of B., and stated that she wanted B., instead of deceased's husband, to get the money, such declaration, coupled with the form of the deposit, created an irrevocable trust for B.'s use.

On reargument, after affirmance without opinion (90 N. Y. Supp. 1107). Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George M. Prest, for appellant.
George Tompkins, for respondents.

HOOKER, J. A reargument was granted in the case after the Court of Appeals reversed our decision in Matter of Totten, 179 N. Y. 112, 71 N. E. 748; 89 App. Div. 368, 85 N. Y. Supp. 928. We affirmed without opinion on the first argument. It was supposed that the rule the Court of Appeals laid down in Matter of Tot-

ten, supra, might affect the questions in this case. In my opinion, it did not. In that case (page 125, 179 N. Y., page 752, 71 N. E.) the court says:

"After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust, merely, revocable at will until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The point in the case at bar is that the deposit by the deceased, Mrs. Coote, of the moneys in the defendant savings bank, did not "stand alone." The court has found, on evidence which, though slight, is sufficient, that, "before opening such account and making such deposit, said Ann Coote declared it to be her intention that the account and money should be for the benefit of Margaret Brown." The appellant's contention that the purpose of the depositor must be clear and unequivocal is the law; but Mrs. Coote's statement that she wanted Margaret Brown to have the money, and did not want her husband (Coote) to get it, does not leave much room for doubt as to her meaning, especially when accompanied with the deposit, "In trust for Margaret Brown." Her intention, expressed without equivocation, coupled with the deposit in the form in which it appears, created an irrevocable trust, and I advise affirmance, with costs. All concur.