HENRY G. MORTON et al., Respondents, *v.* WILLIAM J. HORTON, Appellant, Impleaded with Others.

TAX — PUBLICATION OF NOTICE OF COUNTY TREASURER'S SALES IN SUPPLEMENT TO NEWSPAPER SUFFICIENT. A county treasurer's sale of lands for unpaid taxes is valid although the notice thereof was published in a supplement to the newspaper designated for the publication of Session Laws instead of in the body thereof, the supplement having been folded and sent out with the regular edition of the paper, and, therefore, may be regarded as a part thereof. Section 151 of the Tax Law (L. 1896, ch. 908) does not expressly require that such notices shall be "in the body of the newspaper and not in a supplement," as in the case of sales by the comptroller (§ 120), and, therefore, it is not essential that the publication shall be in any particular part of the newspaper.

*Morton* v. *Horton*, 101 App. Div. 322, reversed.

(Argued October 15, 1907; decided November 1, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 31, 1905, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence S. Ferris* and *Ledyard P. Hale* for appellant. The court erred in finding as a conclusion of law that publication of the notice of sale in the "supplement" was invalid. (L. 1896, ch. 908, § 151.) The learned trial judge erred in interpolating into the statute a provision that it does not need. (L. 1855, ch. 427, § 34; *Goodrich* v. *Russell*, 42 N. Y. 185;

*Karst* v. *Gane*, 136 N. Y. 321.)   Publication in the supplement is publication in the newspaper.   (*Taylor* v. *Reid*, 103 Ill. 349; *Mann* v. *Carson*, 120 Mich. 631; 1 Blackwell on Tax Titles [5th ed.], § 403.)

*Vasco P. Abbott* for respondents.

WERNER, J.   This action was brought to procure the annulment of a tax sale upon the ground that it was illegal and void.   The complaint assigns no specific ground of illegality, but the proof relied upon to support the general charge is that the notice of the tax sale was published in a so-called supplement of a newspaper and not in the body thereof.   The learned trial court held that the publication was not sufficient and that the sale was void.   At the Appellate Division the judgment entered upon that decision was unanimously affirmed, and the case is now before us upon the narrow question whether a county treasurer's notice of sale of lands for unpaid taxes must be published in the body of a designated newspaper or whether publication may be made in a supplement thereof.   Upon that question we feel constrained to differ from the courts below.

Section 120 of the Tax Law, which relates to sales of lands by the state comptroller for unpaid taxes, provides for a publication of the notices of such sales in two newspapers published in the county where the lands are situate and where the sale is to be made, or if there are not two such newspapers in any such county then in the two newspapers most generally circulated in such county.   With respect to such sales *by the comptroller* the explicit command of the statute is that the publication of the notices shall be " in the body of the newspapers and not in a supplement."   Section 151 of the Tax Law, which relates to sales of lands *by county treasurers* for unpaid taxes, directs that the publication of the notices of sales shall be made in two newspapers designated for the publication of the session laws, and makes no reference to the particular part or parts of such newspapers in which such notices are to be published.

This marked variance in these two sections of the same general statute we regard as significant of the legislative intent to exclude from the one what is expressed in the other. *Expressio unius est exclusio alterius.* Section 120 requires notices of sales by the comptroller to be published in the body of the newspapers, and not in a supplement; while section 151, relating to notices of sales by county treasurers, contains no such provision.

In the effort to harmonize the divergence of these two sections of the same statute, the learned courts below have referred to section 157 of the Tax Law, which declares that the provisions of those portions of the statute relating to sales of lands by the state comptroller for unpaid taxes shall govern and control the action of county treasurers in making such sales, " *in so far as it is not otherwise herein provided.*" It is suggested that by the terms of this section the specific command of section 120, that notices of sales shall be published in the body of the designated newspapers, is made applicable to section 151, which is silent in that particular. That would doubtless be the necessary effect of section 157, if it were not for the restrictive and qualifying words " in so far as it is not otherwise herein provided." It is otherwise provided in section 151, for that section contains no reference to the particular part of a newspaper in which county treasurers' notices of sales shall be published, although it is a part of the same statute which, in section 120, does make a specific direction in that behalf.

Stress is laid upon the argument that the direction to publish a comptroller's notice of sale in the body of a designated newspaper was obviously intended to secure its publication in that part of a newspaper best calculated to bring the subject to the attention of the reading public; and that the same reason exists for a similar publication of a county treasurer's notice. A moment's reflection in the light of practical considerations must lead to the conclusion that the difference between the one method and the other is more fanciful than real. In the populous counties of the state, sales of lands for

unpaid taxes are so numerous that the published notices of sales fill many pages of a newspaper.  It is common knowledge that in many counties the list of such notices is so long as to more than fill the pages ordinarily devoted to the publication of editorials, press dispatches and news items.  In such cases it would be a distinction without a difference to designate the part containing the notices of tax sales "the body of the newspaper," and the news section "a supplement" thereof, or *vice versa.*  In either event the result would be the same.  The "body" of the newspaper would be regarded by the public as that portion containing the current news.  All the rest would be "supplement."  But if, despite these suggestions, it should still be thought there is in fact a substantial difference in the two methods of publication, the legislature can easily remedy the difficulty by amending the statute so as to require county treasurers to publish their notices in the same manner as the comptroller is required to publish the notices of sales made by him.  That can be done without interference with vested rights.  Any attempt by the courts to accomplish the same purpose would destroy many titles founded upon county treasurers' tax sales.

It is obvious, of course, that a compliance with the statute demands actual publication in the designated newspapers.  It is not essential, however, that publication shall be in any particular part of such newspapers unless, as in section 120, the statute expressly commands it.  It is enough if the publication is made in any part of a designated newspaper that is published, circulated and distributed with the other parts, in the same form and manner and for the same general purpose of disseminating the intelligence contained therein.  When that is done it matters not whether the several parts of a newspaper are designated by pages, sections or names.

The application of these general observations to the concrete facts of the case at bar is a very brief and simple task.  The lands described in the complaint are situate in the county of St. Lawrence.  That is one of the counties in this state in which, by section 150 of the Tax Law, the county treasurer is

26

the functionary who is directed to sell lands for unpaid taxes. The county treasurer of that county made the sale in question pursuant to a notice published in two newspapers, one of which was the Commercial Advertiser, designated for the publication of the session laws in that county. The learned trial court has found that this publication was made in the supple-- ment part of the Commercial Advertiser, in the form of a separate sheet,, and not in the regular edition ; such sheet being folded and sent out with the regular edition of the paper. We think the fair import of this finding is that the so-called supplement was a part of the newspaper, of the same general form, printed upon the same kind of paper, and distributed to the same readers in the same manner as every other part of its regular edition. We are thus led to the conclusion that in the case at bar the requirements of the Tax Law were complied with, and in that view the judgment below is erroneous.

There should be a reversal and new trial granted, with costs to abide event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed, etc.