[Civ. No. 3313.   Second Appellate District, Division Two.—June 17, 1921.]

## J. H. ACKERMAN, etc., Respondent, v. CHANNEL COMMERCIAL COMPANY (a Corporation), Appellant.

[1] CONTRACTS—PURCHASE OF GOODS—PAROL STATEMENTS BY AGENT—WRITING NOT VARIED.—Where a writing relating to the purchase of certain goods is a complete contract in itself, it supersedes any former oral statements by the agent of the seller, if any were made, and cannot be varied by them.

[2] ID.—SIGNATURE BY AGENT—SCOPE OF AUTHORITY—LIABILITY OF PRINCIPAL.—The fact that an agent signed his name to such contract as "purchaser" did not relieve his principal from liability,

---

1. General rule that parol evidence not admissible to vary, add to, or alter a written instrument, note, 17 L. R. A. 270.

where such agent was acting within the scope of his authority and was in fact exercising that authority in affixing his signature.

[3] ID.—GOODS SOLD AND DELIVERED — EVIDENCE — FINDINGS — JUDGMENT.—In this action for goods, wares, and merchandise sold and delivered, which plaintiff agreed to take back but defendant did not redeliver, the proof was ample as to the execution of the written contract for the sale of the goods to defendant, the delivery of the goods thereunder, the demand for payment, and that the defendant had failed and refused to pay; and the findings that allegations of these facts were true being sufficient to support the judgment in favor of plaintiff, the lack of findings upon other and immaterial facts is not ground for a reversal.

[4] ID.—INTEREST.—In such action, the amount owing from the defendant to the plaintiff having been ascertainable by computation, and the same thing having been true with reference to the amount owing from the plaintiff to the defendant, the plaintiff was entitled to interest on the unpaid balance due him from the date of the execution of the contract of sale.

[5] ID.—SEPARATE ORAL AGREEMENT BY AGENT—RIGHT OF PRINCIPAL TO DISPUTE AUTHORITY.—In an action for goods, wares, and merchandise sold and delivered, where the defendant seeks affirmative relief by way of counterclaim, his claim being based upon an alleged oral agreement entirely separate from the one alleged in the plaintiff's complaint, the plaintiff has a right to dispute the authority of his agent to make such alleged oral agreement.

[6] ID.—ARRANGEMENT OUTSIDE AGENCY.—A verbal arrangement made by a salesman, outside the scope of his agency, is not his principal's contract.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward M. Selby for Appellant.

H. S. Laughlin and Muhleman & Crump for Respondent.

CRAIG, J.—The appeal in this case is based upon alleged error in ruling upon the admission of testimony and the claim that the findings are not supported by the evidence. The court rendered judgment against the defendant on the complaint for $538.65, and for the defendant on the counterclaim for $70.63. The action is for goods, wares, and merchandise sold and delivered, and the counterclaim is for commissions earned under contract. Plaintiff was a manufacturer of a polish and did business under the name of

"Volrox Manufacturing Company." Defendant was engaged in the wholesale grocery business. The court found that on or about October 10, 1918, plaintiff sold to defendant seventy cases of "Volrox" for $538.65, to be delivered to the defendant in Los Angeles; that plaintiff and defendant entered into an agreement by which defendant was to act as the sole distributor of "Volrox" in a certain territory and that the defendant was to receive five per cent of the selling price of any of the polish which the plaintiff might sell therein except to the defendant; that plaintiff sold $1,407.55 worth of the polish to others than defendant, which was the basis of the court's judgment for the defendant on the counterclaim.

We will first consider the appellant's arguments as applied to the record on appeal pertaining to the cause of action alleged in the complaint and the defendant's answer thereto. Later the question presented by the counterclaim will be passed upon. The plaintiff's case is based upon a written agreement, signed by the Channel Commercial Company through its buyer, Smith, concerning the seventy cases of polish for which the court gave judgment. This agreement was as follows:

"Wholesale Order Book—Duplicate.
"Volrox Manufacturing Co.,
"Manufacturers and Jobbers of Volrox Polish,
"Los Angeles, California.

"Chicago, Ill.    Date 10–12, 1918.    Sold to
"Channel Com'l. Co.    Mail address—Channel Com'l. Co. Shipping Point—Channel Com'l. Co. Shipped by warehouse stock when

| Quantity | Pkg. | Description | Price | Amount |
|----------|------|-------------|-------|--------|
| 70 | Cs. | VOLROX | 9.00 | |
| 7 | | | free | |

"Less 10% and 5%.
"F. O. B. Warehouse.
"PURCHASER F. A. Smith.
"Salesman.   J. W. Ackerman.
"Any agreement as to resale of this order, either verbal or written, not to affect terms of payment. We treat this order as a contract, no verbal statement recognized. TERMS—2% cash 10 days from date of invoice. 30 days net. Sight draft when due.
"READ CAREFULLY BEFORE SIGNING."

According to uncontradicted evidence J. W. Ackerman held a conversation with Smith, the buyer of defendant, in which J. W. Ackerman made certain statements and promises. Subsequently, the above instrument was executed. Smith testified that he did not read it before signing and that he must have done so through carelessness. The oral representations were merged in the written agreement. It was a contract and was binding upon the parties even if J. W. Ackerman had been authorized to make verbal alterations in the written forms provided by his company and though he had done so previously. [1] This writing, being a complete contract in itself, superseded any former oral statements, if any were made, and could not be varied by them. (Civ. Code, sec. 1625; *Harrison* v. *McCormick*, 89 Cal. 327, [23 Am. St. Rep. 469, 26 Pac. 830].) [2] We are not unmindful of the fact that the contract was signed "Purchaser, J. A. Smith." Appellant has not disclaimed Smith's authority or that it is bound by this signature, and it could not well do so because the uncontradicted evidence appearing elsewhere in the record establishes that in executing the above contract he was acting within the scope of his authority and that he was in fact exercising that authority in affixing his signature. Under such circumstances the principal is bound. (*Montgomery* v. *Dorn*, 25 Cal. App. 666, [145 Pac. 148]; *Southern Pac. Co.* v. *Von Schmidt Dredging Co. et al.*, 118 Cal. 368, [50 Pac. 650].)

It appears that subsequent to the delivery of the goods under the contract above set forth J. H. Ackerman attempted to secure payment for them. The negotiations in that regard finally culminated in a meeting at which were present J. H. Ackerman, J. W. Ackerman, C. H. Ackerman, E. S. Wright, and F. A. Smith. As to what was said upon this occasion there is a conflict in the evidence, but the court apparently accepted J. H. Ackerman's testimony concerning it, which was that Smith and Wright said that they did not care to keep the seventy-seven cases and suggested that plaintiff take them back, to which proposition he agreed. Thereupon, Wright said he would deliver them in the next two or three days. It appears from the testimony of J. C. Williams, an employee of the defendant company, that after the conversation just related, when the truck of

the plaintiff called for the seventy-seven cases, the defendant did not have them on hand and did not deliver them. The trial court apparently treated the arrangement for the redelivery of the seventy-seven cases as a modification of the written contract, but one which was not carried out by the defendant, and the evidence does not disclose that the defendant, upon any occasion, did anything toward returning these cases.

From the foregoing it follows that the testimony bearing upon the scope of the authority of J. W. Ackerman, as plaintiff's agent, was immaterial to any issue tendered in plaintiff's complaint and joined by defendant's answer.

[3] The proof was ample as to the execution of the written contract; the delivery of the goods thereunder; demand for payment, and that the defendant had failed and refused to pay. The findings that allegations of these facts were true are sufficient and a lack of other findings upon other and immaterial facts is not ground for a reversal.

[4] It is claimed that the judgment for plaintiff should not have included interest because there were items on both sides of the account. Section 1917 of the Civil Code is cited to sustain this contention. The court gave judgment for seven per cent interest from the date of the execution of the contract. There was no dispute concerning the amount found due the plaintiff, as to the number of cases delivered to defendant nor as to the price to be paid for them. The same was true with reference to the amount owing from the plaintiff to the defendant, that is, it was only a matter of computation. The total sum owing from the defendant to the plaintiff could readily be ascertained by subtracting the amount of $70.43 from $538.65. Under such circumstances the plaintiff should have judgment for the interest. (*Robinson* v. *American Fish etc. Co.*, 17 Cal. App. 212, [119 Pac. 388].)

We now proceed to the counterclaim and the findings and rulings that concern it.

The court found further, "That all the allegations of plaintiff's complaint are true except as herein found, and that all of the allegations of defendant's answer and counterclaim are untrue except as herein expressly found to be true." It thereby found the defendant's allegation "that

J. W. Ackerman was the duly authorized agent of plaintiff" to be untrue. J. H. Ackerman, the plaintiff, testified that it was the duty of J. W. Ackerman "to make arrangements with wholesalers and jobbers for the handling of this product"; "that he was to attend to the selling end of this business." J. W. Ackerman testified that in the conversations he had with J. H. Ackerman, his brother, it was understood that he was to have charge of handling the jobbers and that J. H. Ackerman was to do the manufacturing. While other testimony given might be construed to limit the agent's authority, in view of the uncontradicted testimony of both J. H. and J. W. Ackerman that J. W. Ackerman represented the plaintiff, there seems to be no basis for the finding of the court that he did not.

It is alleged in the counterclaim, and the court found it to be a fact, that J. W. Ackerman, representing the plaintiff, entered into a contract with defendant by which defendant was to act as the sole and exclusive distributor of "Volrox" in the territory in which defendant had its business. **[5]** The counterclaim also states that it was further agreed that should any purchaser return "Volrox" distributed to him, the plaintiff would remove the same from defendant's warehouse and repay defendant the entire purchase price of the returned goods. This last allegation the court finds to be untrue. Without here quoting the testimony, it may be fairly said that it appears from the evidence that such promise was made by J. W. Ackerman, but the plaintiff claims that this agent had no authority to make this and certain other promises. The defendant, in this phase of the case, is asking for affirmative relief. He based his claim upon an alleged oral contract entirely separate from the one alleged in the plaintiff's complaint. The plaintiff, therefore, had a right to dispute the authority of J. W. Ackerman as his agent; to show, if he could, that the representations made, as alleged, were outside the scope of the agent's authority. J. H. Ackerman testified: "What had been said between us as to the method of introducing and selling these goods to the trade was just he would sell to the trade on these order blanks," and also, "my brother did not tell me the terms of any agreement which he had entered into with Mr. Smith; no one else told me; I first discovered that my brother had made an arrangement with de-

fendant other than a written agreement when we three brothers called on Mr. Smith and Mr. Wright in regard to payment of the seventy-seven cases; I told them he had exceeded his authority.'' When asked, ''What, if anything, did you say to your brother at the time he called on the Channel Commercial Company to sell these goods—did you have a conversation with reference to the sale of the goods to the Channel Commercial Company, with your brother?'' J. H. Ackerman replied, ''Nothing in particular, other than he was to go and sell them merchandise, receive an order.'' This evidence is sufficient to support the court's finding that the allegations in the answer concerning the existence of a verbal agreement were untrue. Even if the conversation related by J. W. Ackerman and Wright took place it could not bind the plaintiff. [6] A verbal arrangement made by a salesman, outside the scope of his agency, is not his principal's contract. It was within the province of the trial court to accept J. H. Ackerman's version of the employment of J. W. Ackerman, and the limitations that had been placed upon his authority.

Appellant complains that the court's finding that the allegation of the counterclaim ''that plaintiff has not paid for the goods returned'' is not true is not supported by the evidence. This finding is immaterial because the court had first determined that J. W. Ackerman's agreement that returned goods should be paid by plaintiff was outside of the agent's authority and that plaintiff had made no agreement to pay for such returned articles.

It is next alleged that several rulings of the court overruling and sustaining objections were erroneous. The objection to the offer of Plaintiff's Exhibit No. 1—the contract for seventy-seven cases of ''Volrox''—should have been sustained. At the time the ruling was made the foundation had not been fully laid. However, the foundation was subsequently supplied and defendant's manager, Smith, admitted the execution of the contract. It is urged that the court erred in overruling defendant's objection to the introduction of Plaintiff's Exhibit No. 2. This was one of the order blanks used by the ''Volrox Manufacturing Company'' and exhibited to Smith when the first order was taken by defendant and which plaintiff's salesman, J. W. Ackerman, was required to use in making sales. It tended

to contradict that part of the counterclaim based upon the supposed verbal agreement between J. W. Ackerman and the defendant. The objection was that the exhibit was irrelevant and immaterial. This objection was clearly untenable. The following question asked by counsel for the plaintiff was objected to on the ground, among others, that it called for a conclusion of the witness, etc.: "I will ask you now what, if any, agreement you ever made, or authorized your brother, J. W. Ackerman, to make with Channel Commercial Company for the sale of these goods other than written contracts between the wholesalers and retailers." The objection should have been sustained, but that part of the answer which consisted of a conclusion may be disregarded and still the plaintiff's case be unaffected. Without discussing each ruling on the admission of evidence relied upon for reversal, it is sufficient to say that the substantial rights of the defendant were unaffected by them.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 15, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.