[Civ. No. 7593. First Appellate District, Division Two.—October 29, 1931.]

LILLIAN KUCK, as Special Administratrix, etc., Respondent, v. CATHERINE RAFTERY, etc., Appellant.

Clarence A. Henning for Appellant.

William P. Hubbard, Grant & Zimdars and C. F. Humphrey for Respondent.

DOOLING, J., pro tem.—This is an appeal by defendant, Catherine Raftery, from a judgment in favor of plaintiff as special administratrix of the estate of John D. Siemers, deceased, adjudging plaintiff entitled to a certain savings bank account and determining that appellant Raftery has no interest therein. The undisputed facts established by the written records of The San Francisco Bank are that John D. Siemers in 1923 had two savings accounts in said bank in his own name. On August 20, 1923, John D. Siemers and appellant were present in the bank together and at that time Siemers withdrew the entire amount, $4,711.22, standing in one of such accounts, and redeposited it in a new savings account which he thereupon opened in the name of "John D. Siemers, Trustee for Catherine Raftery". While it is customary in such cases for the bank to take only the signature of the depositor, in this case at the time of the opening of the deposit, both Siemers and appellant Raftery signed the deposit card of the bank, which is kept by it as a part of its permanent records. The other account in the name of Siemers was not changed and thereafter and until his death on December 29, 1923, the personal account and the trustee account were maintained in the bank and there were no deposits in or withdrawals of principal or interest from the trustee account. These facts cannot be disputed as they are established by the records of the bank introduced into evidence in this case. One other fact is established by the findings, that in some manner appellant had the pass-book of this account in her possession while she and Siemers were together in the bank at the time that the account was opened, the finding in this regard reading: "On said August 20th, 1923, said Catherine Raftery had possession of said bank

book at said bank, but did then and there, while in said bank, hand said bank book back to said John D. Siemers, deceased''. In the foregoing statement of facts we have limited ourselves to those facts only as to which there can be no dispute.

The court, after finding these facts, found that: ''Said John D. Siemers never at any time had any intention of giving the said sum, or any part thereof, to said Catherine Raftery, or creating any interest in her, in or to said bank account or the money represented thereby either as or by way of gift or trust or otherwise''. This finding in so far as it negatives the existence of a trust in favor of appellant is attacked by appellant as finding no support in the evidence.

So far as we have been able to ascertain no case has reached the appellate courts of this state involving the disposition of a bank account deposited by one person in his name as trustee for another. There is, however, abundance of authority in this state on the legal effect of the deposit by one person of his own funds in the joint names of himself and another. The leading case on this subject is *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19 [54 Pac. 370], which has been often cited on the subject and must be taken as announcing the settled rules of law in this state on the questions therein decided. That case may be taken as settling the rule for California that where a person deposits his own money in his name and that of another jointly with the intention of enabling the other party to draw the money after his death a valid trust is created in·favor of the other person as beneficiary. Two other rules are announced in this case which are important in the consideration of the case before us: 1. The circumstance that the depositor retains the power to withdraw the deposit during his lifetime does not affect the validity of the trust so created; and 2. The retention of possession of the bank-book by the depositor until his death is immaterial and does not affect the validity of the trust.

When we turn to the decided cases from other jurisdictions dealing with trustee accounts in the form of the one before us, we find ourselves embarrassed by their number and contrariety. At the outset, however, we may dismiss from consideration the rule announced in many of them that in

order to create a valid trust the depositor must transfer the beneficial interest irrevocably to the beneficiary. It is settled by the Booth case that, under section 2280 of the Civil Code, allowing the power of revocation to a trustor where that power is expressly reserved in the declaration of trust, the power in the depositor to withdraw the deposit in his lifetime may be reserved without destroying the trust. Dismissing the decisions from other jurisdictions which adhere to the contrary rule as being in conflict with the law of this state, there are two lines of authority upon the subject which are founded respectively upon the New York and Massachusetts decisions. The two rules are well stated by the Supreme Court of Minnesota in *Walso* v. *Latterner*, 140 Minn. 455 [168 N. W. 353] : "Where the depositor dies without withdrawing the deposit, the authorities are in conflict. In Massachusetts it is settled by a long line of decisions that the mere fact of such a deposit being made 'in trust for' another, coupled with the retention of the passbook by the depositor, is not sufficient evidence of a trust to entitle the beneficiary to the deposit on the death of the depositor. (Citing cases.)"

"In New York the rule is the other way. The doctrine of the New York cases at the present time is best stated in *Matter of Totten*, 179 N. Y. 112 [71 N. E. 748, 70 L. R. A. 711], also reported with an elaborate note in 1 Ann. Cas. 910. We quote: 'A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor' . . .

"The authorities are practically in accord on the proposition that the existence of the trust in every such case is a question of fact involving the intention of the donor and an apt declaration of that intention. See above note in 1 Ann. Cas., at page 904, and cases cited. The conflict between the New York decisions and those in Massachusetts

is not at all over the validity of such a trust, but wholly as to what is sufficient evidence to make a question for the jury on the issue of the intention of the depositor. Even in Massachusetts, where the evidence shows declarations of his intention to create a trust, or to give the money to the beneficiary, the court refuses to disturb a finding that the trust is complete and enforceable on the death of the depositor. (Citing cases.)''

One distinction between the rules adhered to in New York and Massachusetts which is not pointed out in the quoted language of the Supreme Court of Minnesota is that while the New York courts hold that the trust may be revocable during the life of the depositor, the Massachusetts courts hold that the entire beneficial interest in the fund must be immediately vested in the beneficiary in order to constitute a valid trust. This is not the rule in California, as we have already shown. But putting aside that part of the Massachusetts rule which holds that the reservation of the power of withdrawal by the depositor during his lifetime is inconsistent with the existence of a trust, it would seem to make no difference in this case whether we follow the Massachusetts rule as so qualified or the New York rule. This is so because in this case appellant is not relying on the mere presumption which the New York courts say arises from the form of the deposit upon the death of the depositor, but upon the other facts established without dispute by the records of the bank and hereinabove set out. The circumstances surrounding the making of the deposit, the presence of appellant at the bank with Siemers, the fact of her placing her signature upon the identification card along with his and her knowledge at the time of the making and form of the deposit would seem to furnish facts sufficient to satisfy the Massachusetts rule that the intention of the depositor to create a trust must be proved by evidence other than that furnished by the form of the deposit itself.

These acts must be viewed also in the light of the statutory law existing at that time. At the time when this deposit was made section 15a of the Bank Act provided: ''When any deposit with a bank shall be made by any person in trust for another, and no other or further notice of the existence and terms of a legal and valid trust shall have been given in writing to such savings bank, in the event of the death of

the trustee, the deposit or any part thereof, together with all dividends thereon, may be paid to the person for whom the deposit was made.''

It may be admitted that this statute is solely for the protection of the bank (*Alger* v. *North End Sav. Bank*, 146 Mass. 418 [4 Am. St. Rep. 331, 15 N. E. 916]), but the conduct of the decedent must none the less be measured in the light of the existence of this law. He must be taken to have known that upon his death this law authorized the payment of the deposit to the appellant and no reason for his having appellant place her signature on the card at the bank has been suggested by counsel for respondent or occurs to us unless it was done to facilitate the withdrawal of the deposit by appellant after his death. We are satisfied that the only rational conclusion which can be drawn from the circumstances surrounding the making of the deposit is that Siemers intended thereby to create a trust in favor of appellant.

The only evidence relied upon by respondent to support the contrary conclusion of the trial court is the testimony of certain persons that Siemers told them at various times that appellant was trying to get his money and that he was anxious to get rid of her. In a will contest between the same parties in *Estate of Siemers*, 202 Cal. 424, 435 [261 Pac. 298, 303], the Supreme Court characterized the evidence of these same witnesses as meager, but held that this evidence coupled with the fact that Siemers a few days later executed another will in many, if not all respects, inconsistent with a will which appellant was seeking to probate, was sufficient to support a finding of the probate court ''that decedent did not intend that the first will should be or remain his last will and testament''.

In this case we have the same meager evidence but not coupled with the doing of any later act inconsistent with the creation of a trust in the bank account. We feel justified in assuming that but for the making of the later will the testimony in question would not have been held sufficient to establish that the earlier will was not made with testamentary intent. In the case before us the deposit as trustee was at all times subject to Siemers' control and he could have withdrawn it from the trust account at any time that he chose, just as he did make a new will after drawing an

earlier one in appellant's favor. But he chose rather to leave the account in such a form that he knew appellant could withdraw it upon his death. This fact in our judgment sufficiently distinguishes the present case from *Estate of Siemers*.

We have not referred to the oral testimony of appellant and her witnesses which, if believed, would amply corroborate our conclusion because we are mindful of the rule that the weight and credit to be given to the testimony is a matter for the trial court and not for this court on appeal. But disregarding all such testimony and confining our scrutiny to the evidence of the facts surrounding the making of the deposit itself, which cannot be disputed, we are of the opinion that standing alone they establish clearly the intention to create a trust and that the evidence relied upon to overcome their effect fails wholly to do so. The evidence of respondent's witnesses might support an inference that Siemers was induced reluctantly to create the trust but in the face of his undisputed conduct at the bank it cannot support an inference that he did not intend to create it. In the presence of appellant he did everything which was necessary or calculated to enable her to withdraw the deposit upon his death. It is inconceivable that he did not realize this or that he would not later have withdrawn the account if he desired to prevent or undo it.

There is here no issue of undue influence made by the pleadings and in our judgment that is the only issue in view of the facts to which respondent's evidence might by any possibility be successfully directed. Upon that subject, however, we feel that it would be improper to express an opinion.

Even if respondent's evidence were sufficient to support the judgment we would feel compelled to order a reversal by reason of an error in the admission of some of it. Over appellant's objection the testimony of three witnesses given on the will contest was read into the record in this case. Under section 1870, subdivision 8 of the Code of Civil Procedure, "the testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter" may be introduced. There was in this case no pretense of laying a foundation by showing that these witnesses were

either dead, out of the jurisdiction or unable to testify. Nor did the testimony relate to the same matter, the inquiry in the former case having been as to the validity of a purported will and in this case as to the existence of a trust. Ordinarily this error might not be considered prejudicial, since other witnesses testified to similar, although not the same, conversations. But where the case for appellant was so strong and that for respondent so meager we cannot say that appellant was not prejudiced by the reception of this testimony.

The judgment appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 28, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1931.

Shenk, J., dissented.