[Civ. A. No. 265. Appellate Department, Superior Court, City and County of San Francisco.—February 1, 1933.]

LILLIAN R. SHERMAN, Appellant, v. THE HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), Defendant; J. C. McGOVERN, Administrator, etc., Respondent.

(2 Cal. Supp. 50.)

McCutchen, Olney, Mannon & Greene, John W. Parker and Charles G. Heimerdinger, for Appellant.

Edmund Scott for Respondent.

JOHNSON, P. J.—This action was brought to determine the right to money on deposit in a savings bank in the name of the depositor, and made payable under a formal declaration of trust to a designated beneficiary upon the death of the depositor, who survived the beneficiary.

The controversy is between plaintiff as the sole heir of the designated beneficiary and the administrator of the estate of the deceased depositor.

On February 15, 1926, Charles M. Jackson opened a savings account, No. 571489, in the Hibernia Bank with a deposit of $1972.76. At the same time he executed a declaration of trust in the following terms:

"571 489                                        Feb. 15, 1926

"I hereby certify and declare that the money deposited by me in account #571 489 and all future deposits to be made therein, are held by me in trust for the benefit of Clifford W. Sherman.

"The said money and all accruals thereto to be payable upon my order during my lifetime, and at my death it is to be payable to the above named beneficiary.

|                  |                      His          |
| "(Signed);       | CHARLES  M.  X  JACKSON            |
|                  |                      Mark         |
| "Witness         | G.  D.  SANDERSON."               |

Thereafter Jackson made certain deposits in the account and certain withdrawals therefrom; and when he died intestate on June 5, 1930, there was a balance in the account of $1340.97. So far as is known, Jackson left no heirs.

The litigation arises out of the fact that the beneficiary named in the declaration of trust, Clifford W. Sherman, had predeceased Jackson, having died intestate on February 16, 1930. The plaintiff Lillian R. Sherman, being his sole heir, became the distributee of his estate, including whatever rights attached to the money in bank under the declaration of trust.

The bank having originally been the sole defendant, and having renounced any claim to the money in dispute, J. C. McGovern, the administrator of the estate of Jackson was brought in and substituted as defendant in the bank's stead, and he contests plaintiff's right to any of the money. His contention is that the evidence is insufficient to show an intention to create an absolute trust; and that in any event, there was but a tentative trust which terminated on the death of Sherman before that of Jackson.

The trial judge was of the opinion that the trust declared was only a tentative trust, and that the burden was on plaintiff to show that the trust was not terminated by Sherman's death, rather than upon Jackson's administrator to show that it was terminated.

There are several cases in our reports where the deposits have been made in the joint names of the depositor and another, and where for the purpose of giving effect to the intention manifested, it has been held that upon the death of the depositor, the amount in bank became payable to the survivor as the beneficiary of a trust. The leading case on this subject is *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19 [54 Pac. 370]. In *Kuck* v. *Raftery,* 117 Cal. App. 755 [4 Pac. (2d) 552], the question was presented in a different form in relation to a deposit opened in the name of "John Siemers, Trustee for Catherine Raftery", and under the circumstances of that case it was held on appeal that a valid trust was created.

In the present case, the account was opened in Jackson's name alone, but he delivered to the bank a plain, unambiguous declaration that all moneys deposited, or to be deposited, in the account were held by him in trust for

Clifford W. Sherman, subject to his own order during his life, and that on his death the money was to be payable to Sherman. Since under section 2280 of the Civil Code, as it read at the time of the declaration, reservation of power to revoke the trust was permissible, the right of withdrawal by Jackson did not affect the validity of the trust, nor did the retention of the bank-book. (*Booth* v. *Oakland Bank of Savings*, 122 Cal. 19 [54 Pac. 370]; *Carr* v. *Carr*, 15 Cal. App. 480 [115 Pac. 261]; *Drinkhouse* v. *German S. & L. Soc.*, 17 Cal. App. 162 [118 Pac. 953]. See, also, *American Bible Soc.* v. *Mortgage Guarantee Co.*, 217 Cal. 9 [17 Pac. (2d) 105].)

██ And, as is held in the Booth case, it is not essential that the beneficiary should be informed of the trust or should express an acceptance of it.

If Sherman had survived Jackson, there can be no doubt under our law that the money remaining in the bank would have vested in him on Jackson's death; and if the trust did not terminate on Sherman's death, the beneficial interest therein passed to his heir. (*Keating* v. *Smith*, 154 Cal. 186, 193 [97 Pac. 300]; *Boone* v. *Davis*, 64 Miss. 133, 140 [8 South. 202].)

As is pointed out in *Kuck* v. *Raftery, supra,* in reference to a deposit standing merely in the name of the depositor "in trust for" another, there are two lines of authority, differing not as to the validity of the trust, but as to the sufficiency of the evidence of the depositor's intention to make himself a trustee. There is on one side the Massachusetts rule, on the other the New York rule. In Massachusetts the mere fact of a deposit in such form, coupled with retention of the bank-book, does not, without other evidence of intent, entitle the beneficiary to the deposit on the death of the depositor. The rule prevailing in New York, as stated in the *Matter of Totten*, 179 N. Y. 112 [71 N. E. 748, 752, 1 Ann. Cas. 900, 70 L. R. A. 711], is as follows:

"A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration such as delivery of the pass-

book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

Since in New York a deposit in the name of the depositor, "in trust for" another, and not accompanied by anything more to indicate the intention is regarded as only a tentative trust during the life of the depositor, it follows as a corollary to that rule that, under such character of deposit standing alone, the death of the beneficiary during the life of the depositor terminates the tentative trust *ipso facto.* One of several cases so declaring is *Matter of United States Trust Co.*, 117 App. Div. 178 [102 N. Y. Supp. 271], affd. in memo. 189 N. Y. 400 [81 N. E. 1177].

Such, however, has not been the view expressed when the deposit does not stand alone, but is accompanied by a formally expressed declaration that the account is held in trust for a beneficiary named. The principal case in support of a trust so declared is *Robinson* v. *Appleby,* 69 App. Div. 509 [75 N. Y. Supp. 1], affd. in memo. 173 N. Y. 626 [66 N. E. 1115]. In that case there had been an account in the name of "Helen C. Pratt in trust for Freddie Hemenway Robinson." Later the designation was changed to read "Helen C. Pratt in trust for Freddie H. Robinson—Note, not to be paid to Freddie H. Robinson until he is 30 years of age." At the time of such change, Mrs. Pratt signed a declaration reading:

"I desire to open an account with the Riverhead Savings Bank in my name, in trust for Freddie H. Robinson. Said account to be governed by the by-laws, rules and regulations of the said institution. After my death, the balance then due on said account is not to be payable to said Freddie H. Robinson until he is 30 years of age."

Robinson, who was Mr. Pratt's grandson, died before Mrs. Pratt, and four days later she withdrew the entire balance of the account. Upon her death the representative of Robinson's estate was held entitled to recover the amount from the executors of Mrs. Pratt. In other words, the trust was treated not as a tentative, but as an absolute, trust expressed in unqualified terms showing definitely the intention of the depositor.

Thus a distinction is drawn between cases where there is merely a deposit "in trust" standing alone, and one accompanied by an express declaration furnishing independent evidence of the true intent. In *Hemmerich* v. *Union Dime Sav. Inst.*, 205 N. Y. 366 [98 N. E. 499, Ann. Cas. 1913E, 514], the court said:

"The intention of the donor being the controlling factor, it is difficult to make general rules as a guide in the consideration of such trusts. In such cases the only writing generally existing is found in the few words connected with the name of the depositor on the pass book. It is the failure of the depositors to express their intention in writing that makes the disputes so common."

And in *O'Brien* v. *Williamsburg Sav. Bank*, 101 App. Div. 108 [91 N. Y. Supp. 908], the court pointed out the distinction between the Totten case and one where the deposit does not stand alone, but is accompanied by evidence, even though slight, of intention, unequivocally expressed, to create a trust for a beneficiary named.

Again, in *In re King's Will*, 51 Misc. Rep. 375 [101 N. Y. Supp. 279, 282], it is said:

"Where there is evidence other than the form of the deposit showing an intention to create a trust, the Totten case does not limit the trust to a tentative one; but when the facts warrant it, the trust will be construed as irrevocable."

Neither in any of the cases in this state dealing with bank accounts in joint names, nor in *Kuck* v. *Raftery, supra*, dealing with an account "in trust", has there been an adoption of the theory of a tentative trust; nor is anything said by us to be deemed as suggestive of the applicability of that theory to the law of trusts as administered in this state. However, since the case has been earnestly argued on that theory by the defendant, we have carefully considered the New York cases and the distinctions incident to their varying circumstances. After such a review it is our conclusion that the case comes within the rule of *Robinson* v. *Appleby, supra;* and that as there was an express trust unequivocally declared in a separate writing by Jackson, with no revocation even after Sherman's death, the trust became enforceable by the plaintiff, as Sherman's sole heir, upon the death of Jackson.

■ As to the proof of Jackson's intention, we are of the opinion that plaintiff sustained the burden resting upon her by proof of the opening of the account and Jackson's written declaration of trust. Having shown the creation of a valid trust, she was under no duty to go forward and show that it had not been terminated. It devolved upon the defendant to produce evidence of any facts or circumstances inconsistent with the declared intention of Jackson or showing revocation on his part. There was nothing tentative or indefinite in his declaration, and in our judgment the case comes clearly within the rule applied in *Robinson* v. *Appleby, supra.*

Accordingly the judgment for the defendant must be reversed and the case remanded to the trial court for entry of judgment in favor of plaintiff.

Conlan, J., and Goodell, J., concurred.