[Civ. No. 11786. Second Appellate District, Division Two.—August 20, 1938.]

COY EVINGER, Appellant, v. J. A. MacDOUGALL et al., Respondents.

Daniel A. Knapp for Appellant.

B. W. Kemper, Frank L. Perry, Tanner, Odell & Taft and L. B. Reynolds for Respondents.

McCOMB, J.—From a judgment in favor of all defendants except defendant MacDougall after trial before the court

without a jury in an action to recover damages for the alleged conversion by respondents of a building and loan certificate and passbook of the value of $8,020 plaintiff appeals.

The essential facts are:

December 22, 1930, L. W. Evinger, brother of plaintiff purchased from defendant American Mutual Building and Loan Association one of its certificates and passbooks of the face value of $8,000. The certificate and passbook were issued to "L. W. Evinger, trustee for Coy Evinger". The signature card was signed "L. W. Evinger".

September 27, 1932, L. W. Evinger borrowed from defendant MacDougall, who was doing business under the name of Beverly Investor's Syndicate, $2,000, and as security for the loan signed an agreement transferring and assigning the passbook above mentioned to Beverly Investor's Syndicate, and also executed, leaving the name of the assignee in blank, an assignment of the passbook. September 28, 1932, H. C. Irish presented the above-mentioned passbook together with the assignment executed by L. W. Evinger, in which H. C. Irish's name had been filled in as assignee, and also an assignment of the passbook certificate above described executed by H. C. Irish in favor of defendant People's Finance Company of Redondo Beach to the American Mutual Building and Loan Association, whereupon a new certificate and passbook were issued to the People's Finance Company of Redondo Beach as payee.

These are the questions presented for determination:

*First: Is a building and loan association which has received a deposit of money from one person and has issued its passbook and certificate in the name of that person as trustee for another, not having any notice of any agreement between the trustee and beneficiary, under a duty to inquire as to the existence or terms of a trust between the trustee and beneficiary before transferring the account to another upon the direction of the trustee?*

*Second: Where one person deposits money in the name of that person as trustee for another, is the trust in the absence of any other agreement of which the depository has notice revocable at the will of the trustee at any time prior to his death?*

*Third: Did the trial court commit prejudicial error in not receiving in evidence over objection (a) the answer to this question:*

*"Did you have any agreement with Coy Evinger as to what was your right, title and interest in that passbook; 'Yes or no'?"*

*(b) the alleged trust agreement between plaintiff and his brother Coy Evinger?*

*Fourth: Was the assignment of the passbook of defendant American Mutual Building and Loan Association by L. W. Evinger invalid because the name of the assignee was left blank?*

The first question must be answered in the negative. Whenever certificates for shares of a corporation have been issued to a person as trustee on the books or records of the corporation, whether or not such certificates describe the trust or identify the beneficiary, it is presumed in favor of such corporation that the trustee has the power to transfer title to the certificate and the corporation is not under a duty to inquire into or determine the existence or validity of any trust or the terms thereof or whether the trustee is committing a breach of his obligation or exceeding his authority. (Sec. 328b, Civ. Code.)

In 1932 section 328b, title 1, part 4, division 1 of the Civil Code read in part as follows:

"Whenever certificates for shares or other securities of a corporation . . . have been issued . . . to a person . . . as trustee on the books or records of the corporation, whether or not such certificates . . . describe the trust or identify any beneficiary, it shall be presumed in favor of such corporation and its transfer agent that such trustee has the power to accept and transfer title to such certificates . . . and there shall be no duty upon the corporation . . . to inquire into or determine the existence or validity of any trust or the terms thereof, or whether the trustee is committing a breach of obligation or exceeding his authority."

At the time of the transaction here under consideration section 279 of title 1, part 4, division 1 of the Civil Code read in part thus:

"The provisions of this title are applicable to every private corporation, profit or non-profit, stock or nonstock, now existing or hereafter formed, and the outstanding and future

securities thereof, unless such corporation be expressly excepted from the operation thereof, or there be a special provision in relation to any class thereof inconsistent with some provision of this title, in which case the special provision prevails.''

Since mutual building and loan associations are not excepted from the provisions of section 328b of the Civil Code nor are there any specific provisions in regard to such corporations inconsistent with the terms of said section, it was applicable to the situation here presented and the American Mutual Building and Loan Association was under no duty to inquire as to the existence of the alleged trust between plaintiff and his brother or as to whether plaintiff's brother was exceeding his authority in transferring the passbook and certificate in question. Therefore, the trial court properly gave judgment in favor of defendant American Mutual Building and Loan Association.

The second question must be answered in the affirmative. A deposit by one person of money in his own name as trustee for another standing alone does not establish an irrevocable trust during the lifetime of the depositor. Such trust is revocable at the will of the depositor until he dies or unless he completes the gift in his lifetime by some unequivocal act or declaration. (*In re Totten,* 179 N. Y. 112 [71 N. E. 748, 752, 1 Ann. Cas. 900, 70 L. R. A. 711].)

The case just cited has received the approval of the appellate courts of this state in *Kuck* v. *Raftery,* 117 Cal. App. 755, 758 [4 Pac. (2d) 552].

Applying the rule just stated to the facts of the instant case, it is clear that plaintiff's brother, having deposited money in his own name as trustee for plaintiff and having signed the signature card with his own name solely, created at best a trust revocable at will during his lifetime. This trust he revoked when he pledged the passbook with defendant MacDougall. Therefore, defendants Irish and People's Finance Company of Redondo Beach received in due course the passbook and certificate free of any trust or claim of plaintiff.

Plaintiff's attempted distinction between the assignment of the passbook and the certificate of the American Mutual Building and Loan Association is without merit. In

legal contemplation each of these documents constituted an indivisible and integral part of the transaction with defendant American Mutual Building and Loan Association, the net result being that the relation of debtor and creditor was created between defendant American Mutual Building and Loan Association and L. W. Evinger when the passbook and certificate were issued to him.

The trial court's ruling relative to the question set forth in paragraph (a) of the third question was correct. The general rule is that answers to questions calling for the conclusion of the witness are properly excluded from evidence. The question here under consideration called for the conclusion of the witness as to what constituted ''any agreement'' and, therefore, the objection to the question was properly sustained. (*Callahan* v. *Marshall,* 163 Cal. 552, 559 [126 Pac. 358] ; *Ackerman* v. *Channel Com. Co.,* 53 Cal. App. 259, 266 [199 Pac. 1101].)

The trial court properly sustained the objection to the evidence set forth in paragraph (b) of the third question, for the reason that such evidence was clearly hearsay so far as the defendants were concerned, there being no showing that any of them had knowledge of the alleged agreement prior to the time of the trial.

The final question must be answered in the negative. It is the established law of California that one to whom an assignment in blank is delivered is deemed to be authorized to fill in the name of the assignee. (*Thomas* v. *Fursman,* 39 Cal. App. 278, 280 [178 Pac. 870].)

For the foregoing reasons the judgment is affirmed.

Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1938.