[Civ. No. 1790. First Appellate District.—September 25, 1916.]

## MARY L. WATERS, Administratrix, etc., Appellant, v. J. C. NEVIS, Respondent.

BANK DEPOSIT — JOINT OWNERSHIP — RIGHT OF SURVIVORSHIP — CONSTRUCTION OF DEPOSIT AGREEMENT.—The deposit by two persons of a sum of money in a bank in a joint account and under a written agreement that the same and any additional money deposited, and all accumulations thereof, shall be payable to and collectible by them, or either of them, during their joint lives, and then belong absolutely to and become the absolute property of the survivor, without reference to or consideration of the original or previous ownership of such moneys, creates a joint ownership in the moneys with the right of ownership in the survivor upon the death of the other depositor.

ID.—COMPETENCY TO EXECUTE AGREEMENT—FINDINGS ON CONFLICTING EVIDENCE—APPEAL.—In an action brought after the death of one of the parties to such a deposit agreement to recover the amount of the deposit, based upon the ground that the deceased was incompetent to execute such an agreement, where the evidence is conflicting, the findings of the trial court as to competency are conclusive on the appellate court.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Shinn & Hart, L. A. Kottinger, and Milton Shepardson, for Appellant.

Elliott & Atkinson, for Respondent.

RICHARDS, J.—This is an action brought by the plaintiff, as administratrix of the estate of Antone H. Waters, deceased, to recover the sum of $1,240, alleged to be money had and received by the defendant Nevis from Antone H. Waters, under the circumstances detailed in the complaint, and when, it is alleged, that said Waters was incompetent to conduct any transaction. The complaint was unverified. The answer was a general denial. The evidence was quite voluminous. The court found the facts in the defendant's favor and rendered judgment accordingly. The plaintiff prosecutes this appeal.

The facts of the case, concerning which there is little if any dispute, show that Antone H. Waters was a man of Portuguese extraction, who had accumulated some considerable property, but who during the closing years of his life had become afflicted with various physical ailments, and having also become estranged to some extent from his family, had, in about the year 1913, gone to live at the home of the defendant Nevis, whom he had known for a number of years. While living there, and in the month of February, 1914, said Waters and Nevis went together to the National Bank of D. O. Mills & Co., in Sacramento, and there deposited the sum of $1,240 in a joint account and under a written agreement, which contained the following words: "The money now deposited and also money which shall at any time be deposited by us or either of us with the National Bank of D. O. Mills & Co. in this account No. 8340, will be so deposited by us and is to and will be received and held by it with the understanding and upon the condition that the same and all dividends and interest thereon and all accumulations thereof are payable to and shall be collectible by us or either of us during our joint lives, and then belong absolutely to and be

the sole and absolute property of the survivor of us, or the heirs, administrators or assigns of such survivor, without reference to or consideration of the original or previous ownership of such moneys or any part of the same.'' The money remained on deposit at said bank until May 22, 1914, when it was withdrawn by Nevis. Waters died on December 21, 1914. It is the contention of the appellant that for a considerable period prior to the transaction at the bank, and for all the rest of his life thereafter, Waters was mentally incompetent to conduct a business transaction, and particularly to comprehend the nature and effect of the particular transaction by which the defendant Nevis became a party to the deposit of the money in question and the alleged owner thereof after the death of Waters.

It is not seriously insisted by the appellant that the defendant Nevis would not have become the joint owner of the money deposited in the bank under the foregoing agreement, with the right of survivorship thereto upon the death of Waters, had the latter been capable of making and had made the deposit of his money in that form. The construction of deposit agreements of the kind shown here has been practically settled since the decision of the case of *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370], which has been upheld in the following cases: *Carr* v. *Carr,* 15 Cal. App. 480, [115 Pac. 261] ; *Drinkhouse* v. *German Sav. & L. Soc.,* 17 Cal. App. 162, [118 Pac. 953] ; *Denigan* v. *Hibernia Sav. & L. Soc.,* 127 Cal. 137, [59 Pac. 389] ; *Estate of Hall,* 154 Cal. 527, [98 Pac. 269]. The appellant's contention that Nevis' withdrawal of the money in question in May, 1914, was an act of bad faith toward Waters, which operated to terminate his rights to any portion thereof and destroy the trust relation created by the bank deposit, cannot avail against the finding of the court upon sufficient evidence that the withdrawal of said money was accomplished with Waters' consent; and even were it otherwise, the *status* of the parties would not be changed by such withdrawal. (*Sprague* v. *Walton,* 145 Cal. 228, [78 Pac. 645].)

This brings us to the main and, in fact, only contention upon which the appellant relied in the trial court, viz., that of Waters' mental incompetency during the period including the date of the deposit agreement and continuing up to the time of his death. The testimony upon this subject was, as

31 Cal. App.—33

we have seen, quite voluminous and very conflicting. The trial court having heard all of said testimony, and having observed both parties and the witnesses in the case, made its findings in the defendant's favor upon the question of the mental competency of the decedent during the period in question. This being so, and a careful examination of the record showing that a real and substantial conflict exists, it follows that under the well-settled rule of this court the findings of the trial court will not be disturbed.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 25, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 23, 1916.