[Civ. No. 2302. First Appellate District.—March 12, 1918.]

JAMES D. HALSTED et al., Appellants, v. CENTRAL SAVINGS BANK et al., Respondents.

[Civ. No. 2304. First Appellate District.—March 12, 1918.]

JAMES D. HALSTED et al., Appellants, v. FIRST SAVINGS BANK (a Corporation) et al., Respondents.

TRUST—SAVINGS BANK DEPOSIT.—Where money was deposited in a savings bank in the names of the owner and his foster sister and housekeeper, and at the time of the deposit the parties signed an agreement which in substance provided that all moneys then on deposit or at any time thereafter to be deposited by either of them to the credit of the account were to be received by the bank on condition that the amounts thereof and all dividends thereon should be paid by the bank to the depositors, or either of them, or to the survivor of them, or to the personal representatives or assigns of such survivor, without reference to the original deposit of the moneys, an intention to create a trust in the deposits in favor of the sister and housekeeper was shown, and upon the death of the original depositor she was entitled to the same by right of survivorship.

APPEALS from judgments of the Superior Court of Alameda County. W. H. Thomas, Judge Presiding.

The facts are stated in the opinion of the court.

O'Neill & O'Neill, and Chapman & Trefethen, for Appellants.

Harry E. Leach, and Abe P. Leach, for Respondents.

BEASLY, J., *pro tem.*—These two cases arose out of the deposit of certain moneys in the defendant banks by James Mandeville Halsted, deceased, in the names of himself and his foster sister and housekeeper, Anna N. Collins.

On the eighth day of March, 1913, the deceased deposited with the Union Savings Bank the sum of $12,915.87, and at the time signed with Mrs. Collins an agreement relating to this deposit which in substance provided that all moneys then on deposit or at any time thereafter to be deposited by either of them to the credit of this account were to be received by the bank on condition that the amounts thereof and all dividends thereon should be paid by the bank to the depositors, or either of them, or to the survivor of them, or to the personal representatives or assigns of such survivor, without reference to the original ownership of the moneys. This deposit was made in the names of James M. Halsted and Mrs. Anna Collins. Halsted at the time of making this deposit was in perfect health. He told Mrs. Collins, as she testified in response to questions by appellants' attorney, that this money was for her; that he wanted her to have it just as soon as anything happened to him; that he gave it to her, and it further appeared that what he meant by "anything happening to him" was his death. Of another witness, Mr. Furniss, he asked whether, in the event of his making a joint account in the bank, there would be any question about Mrs. Collins getting the money if anything should happen to him, and Mr. Furniss replied that there was no question about it. He told the witness De Pue that he had just been down to the bank and turned over or transferred a book carrying a ten thousand dollar deposit to Mrs. Collins, and he added, "Now, if anything happens to me Anna is provided for."

The deceased suffered a paralytic stroke in the 'month of March, 1911, and died on the twenty-fifth day of October, 1914. There seems to have been no change in the account until the day previous to his death, when Mrs. Collins transferred the account to her own name.

The court found that the claim to these funds made by the plaintiffs, as executors of Mr. Halsted's will, was without foundation and invalid; that the estate of the deceased had no interest in the money, and that the same was the sole and separate property of Mrs. Collins, to the possession of

which she was entitled. It was conceded at the argument that the only difference between the facts of the case against the Union Savings Bank and the companion case against the First Savings Bank is in the language of the agreement signed at the time the deposit was transferred to the account of Mr. Halsted and Mrs. Collins. In the case of the First Savings Bank this agreement authorized and directed the corporation to open an account in the names of James M. Halsted and Anna Collins, payable to either or the survivor, and by this instrument the two persons named agreed with each other to become and be partners in the ownership of the moneys and of all interest thereon and all other moneys to be deposited to said account; and they agreed with each other that either and each of them and the survivor of them might at any and all times draw and receive from the bank the whole or any part of the money, and empowered each to sign their respective names to any receipt, check, or voucher for the money so drawn.

The deceased was a man of few words apparently, and he said little at the time of making these changes in the deposits of his funds; but, as was said in *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19, [54 Pac. 370], there can be no doubt of the intention of Mr. Halsted in this matter, and that intention should be carried out if the law will permit it. We do not deem it necessary to discuss the writings made for the purpose of giving a particular character to these deposits, or the facts of these cases at length. The facts showing an intention on the part of Mr. Halsted to create a trust in favor of Mrs. Collins in these funds are far stronger than were the facts in the case of *Booth* v. *Oakland Bank of Savings, supra;* and the findings of the court and the evidence supporting them bring the cases clearly within the ruling in that case, and also within the rule of the following cases: *Estate of Harris,* 169 Cal. 725, [147 Pac. 967]; *McCarthy* v. *Holland,* 30 Cal. App. 495, [158 Pac. 1045]; *McDougald* v. *Boyd,* 172 Cal. 753, [159 Pac. 168]; *Waters* v. *Nevis,* 31 Cal. App. 511, [160 Pac. 1081], and numerous other cases which have been decided by the supreme court and by this court in which similar instruments have been construed.

The expression that "the parties agree to become partners" in the case of the First Savings Bank account, when

this agreement is held "by its four corners" and read and construed as a whole, does not change its meaning from that given it by the trial court. The intention is plainly the same as in the case of the Union Savings Bank, and we are not disposed to split hairs over definitions of words, but to hold that the intention so plainly indicated by all the acts and words of Mr. Halsted shall be carried out.

The judgment is affirmed in each of the cases above entitled.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1918.