[L. A. No. 12497. In Bank.—December 21, 1932.]

AMERICAN BIBLE SOCIETY (a Religious Corporation) et al., Appellants, v. MORTGAGE GUARANTEE COMPANY (a California Corporation) et al., Respondents.

J. L. Murphey for Appellants.

Hahn & Hahn, O'Melveny, Tuller & Myers and J. R. Gerling for Respondents.

THE COURT.—This is an appeal by the plaintiffs from a judgment partially in their favor in an action to establish their right and title in and to the whole of certain first mortgage certificates issued by the defendant Mortgage Guarantee Company.

Each of the certificates represented a face value of $5,000, bearing interest at six per cent. One thereof, dated July 1, 1924, was issued to "Abbie S. Williams and Mount Holyoke College of South Hadley, Mass.", and the other, dated June 1, 1926, was issued to "Abbie S. Williams and The American Bible Society (Bible House, Astor place, New York City), as joint tenants".

At the dates hereinbefore mentioned Abbie S. Williams was a widow and a resident of Pasadena, California. She died on January 17, 1928, at an advanced age, leaving no issue surviving her. There is no contention in the case that she was not fully competent at all the times herein involved and up to the time of her decease. She left a will dated July 21, 1926, in which no mention was made of said certificates or of either of said plaintiffs.

On April 12, 1924, Abbie S. Williams addressed a letter to the plaintiff Mount Holyoke College, stating that it was her desire to renew a $5,000 first mortgage certificate, which would mature on July 8, 1924, and have it registered in the name of said plaintiff and herself as joint tenants, so that at her decease it would become the property of the joint tenants. She also expressed the hope that although she retained the right to use the interest, and the principal should it become necessary, during her lifetime, eventually Mount Holyoke College would receive the whole sum. Said plaintiff on April 22, 1924, by letter to Mrs. Williams, indicated its acceptance and agreement to that plan, and on July 1, 1924, the certificate of that date was issued by the mortgage company at the instance of Mrs. Williams. Subsequently at her request the mortgage company communicated with the plaintiff Mount Holyoke College, stating in substance that Mrs. Williams had purchased said certificate for the use and benefit of herself and said college, and requested its officers to sign certain cards inclosed. These cards were signed and returned by the college to Mrs. Williams with a letter of thanks for her gift and acknowledgment of the issuance of the certificate in their joint names. The cards returned to Mrs. Williams were later delivered by her to the mortgage company.

On May 7, 1926, Mrs. Williams wrote to the plaintiff American Bible Society that she would like to do something for the society, and requested whether the society favored

the plan of making it a joint owner of a similar $5,000 certificate. She specified that she must have the interest during her life but that at her death it would pass to the joint owner without delay or expense of probate. The Bible Society replied stating its acceptance of the plan. Accordingly the certificate dated June 1, 1926, was issued at the instance of Mrs. Williams. On June 5, 1926, the mortgage company communicated with the American Bible Society to the effect that Mrs. Williams had purchased the certificate and that she had requested the same to be issued in the names of herself and the Bible Society as joint tenants, with full right of survivorship, in order that at her death the certificate would become the immediate property of the society without the necessity of probate, the income to be paid to Mrs. Williams during her lifetime, and requested certain cards inclosed to be signed and returned. Subsequently the society returned the signed cards to the mortgage company and requested a duplicate copy of the certificate for its files. This request was complied with by said defendant. The society also communicated its knowledge of the transaction to Mrs. Williams and its understanding that its interest in the certificate was that of survivorship.

Each of the certificates was delivered by the mortgage company to Mrs. Williams and retained by her during her lifetime. It is alleged in the complaint that the mortgage company now has possession of said certificates. As to each certificate the complaint alleges that it was the intent of said Abbie S. Williams to make a gift of the entire certificate to each of the plaintiffs respectively as a joint tenant with right of survivorship, reserving to herself the right to receive the interest during her lifetime. The interest on these certificates was paid to Mrs. Williams during her lifetime.

A written stipulation was entered into by the plaintiffs and the defendants through their respective counsel that the letters of Mrs. Williams and the replies thereto, and the mortgage certificates, were written and received as alleged; that the certificates were duly executed and that their contents showed an intent and purpose on the part of Mrs. Williams to make the gifts set out in the complaint; that the certificates were purchased by her with the intent and purpose of making a gift thereof to each of the plaintiffs, who

duly accepted the same, and that Mrs. Williams did not revoke said gifts nor change her intent and purpose thereafter; and that Mrs. Williams believed that the method adopted in the transaction would give the plaintiffs sole ownership of said certificates upon her decease. The defendants contended that the acts of Mrs. Williams did not constitute a valid gift or transfer of said certificates to the plaintiffs except as to a one-half interest therein; and that they did not create a trust except as to said one-half interest.

The trial court found the facts and intent as hereinabove stated; and found further, as to each certificate, "that said Abbie S. Williams used her own will and judgment in making said gift, but was assisted in the preparation of the language used in said certificate by an employee and agent of the defendant Mortgage Guarantee Company; and that at the time she made said purchase, she believed that the plan and method which she adopted and carried out would give said plaintiff . . . the sole ownership of said certificate upon her death, and obtained no other advice on the subject". The court also found that each of said plaintiffs accepted the gift made by Mrs. Williams, and that the latter did not revoke nor change her said act or purpose in any manner up to the time of her death. It also found that the proceeds of said certificate are not necessary for the payment of the debts or expenses of administration.

The court made no finding or conclusion as to whether a trust had been declared or created by the donor for the benefit of the plaintiffs; but, as support for its judgment and decree, did conclude that "notwithstanding the intent and purpose, and acts and understanding of said decedent, such acts did not constitute a joint tenancy; but that the same had only the effect of giving to each of said donees an undivided one-half interest in said certificates; and that the other one-half interest in the same vested in the residuary legatees set forth in the will of said deceased, to-wit: the defendants Pasadena Young Women's Christian Association, a religious corporation, and the Pasadena Home for the Aged, a benevolent corporation", who, with the executor of the will, also were defendants in the action. Judgment for the plaintiffs for a one-half interest respectively in each of said certificates was entered accordingly.

The appeal herein is submitted on the appellants' opening brief. The statement is not challenged that no one of the defendants objects to the respective plaintiff's exclusive and entire ownership of the certificate issued in its name with said Abbie S. Williams if, in law, such plaintiff be entitled thereto.

On this appeal it is urged that the court on the facts found should have concluded either (1) that each of the plaintiffs was a joint tenant with right of survivorship with said Abbie S. Williams as to the certificate issued in their joint names; or (2) that the facts and writings and circumstances surrounding the issuance of said certificates evidenced the creation of a trust by the donor for the benefit of the plaintiffs so as to entitle them to the sole ownership of said certificates respectively upon the death of Mrs. Williams; and that judgment should have been entered, pursuant to either conclusion, that the plaintiffs are the sole owners of said certificates respectively and entitled to the whole of the proceeds therefrom.

It is manifest that the trial court's conclusion resulted in part from its application of the doctrine of the common law that a corporation cannot be seised or possessed of an estate of joint tenancy, and cannot, therefore, hold real or personal property as joint tenant with a natural person. (See *De Witt* v. *San Francisco,* 2. Cal. 289, 297.) But whether this doctrine of the common law survives under, or is modified or changed by, our Civil Code which defines a joint interest as "one owned by several persons in equal shares, by a title created by a single will or transfer when expressly declared in the will or transfer to be a joint tenancy" (sec. 683, Civ. Code), and which includes a corporation within the definition of "person" (secs. 14 and 2132b, Civ. Code), we deem it unnecessary to discuss in view of our determination of the second point.

 It has become the well-established law of this state that where funds have been deposited by one person with the intent to pass a present proprietary interest therein to another jointly with himself with right of survivorship, and the purpose fails, that is, the gift is incomplete by reason of some technicality in the law, and where the essential elements of a trust are established, the manifest intention of the donor may be sustained through the agency of a trust.

(*Booth* v. *Oakland Bank of Savings,* 122 Cal. 19 [54 Pac. 370]; *Drinkhouse* v. *German S. & L. Soc.,* 17 Cal. App. 162 [118 Pac. 953]; *Carr* v. *Carr,* 15 Cal. App. 480 [115 Pac. 261].)

██ The salient features of the present case are not substantially different from the facts bearing on the creation of a trust in the case of a deposit of funds in a bank and constituting the bank a trustee. In each situation funds are paid to the trustee, giving rise to a debtor relationship on the part of the latter with some one or more persons, although in the present case that relationship arises by virtue of the defendant mortgage company's guarantee, and the obligation is evidenced by a "First Mortgage Certificate" instead of a pass-book. In each case the gift is prevented from being completed by the retention of the evidence of title by the donor. In each case the exercise by the donee of rights of ownership or dominion over the jointly owned property, in the one case of the joint right of withdrawal of the deposit or any part thereof and in the other of its right of sale and collection of interest, is prevented by that retention.

As hereinbefore stated, no dispute exists as to the donor's intent, but in fact it is conceded and it is unmistakable from the evidence that Mrs. Williams, at the time the money was paid and the certificates were issued, intended that the plaintiffs should become vested with a future interest in the property involved. Specifically, the intent existed that she was to have a life estate in the property with remainder to the respective plaintiffs, also reserving to herself the power to revoke the gift. Under the principles applied in the foregoing cited cases, nothing further is necessary to constitute, as between the donor and the beneficiaries, the declaration of a trust for the benefit of the plaintiffs as to the whole of said certificates with the exception of the life estate. (Sec. 2221, Civ. Code.) The circumstance that the donor reserved the power to revoke the gift does not invalidate the trust. (*Booth* v. *Oakland Bank of Savings, supra; Drinkhouse* v. *German S. & L. Soc., supra; Nichols* v. *Emery,* 109 Cal. 323, 331 [41 Pac. 1089, 50 Am. St. Rep. 43]; *Tennant* v. *John Tennant Mem. Home,* 167 Cal. 570, 576 [140 Pac. 242]; 25 Cal. Jur. 292, 293.)

Under the facts of each case the person who has accepted the trust with an understanding of the subject, purpose and beneficiaries of the trust is properly constituted the trustee. (Sec. 2222, Civ. Code.) It may be said that the defendant Mortgage Guarantee Company, by its acceptance of the donor's funds with full knowledge and understanding of her desire and intent, has constituted itself a trustee of the subject of the trust. The trial court found that said defendant was a trustee of the proceeds from said certificates for the benefit of the owners thereof. Under the foregoing view of the facts it may be said that the subject of the trust is the funds deposited and that the defendant Mortgage Guarantee Company is a trustee under the theory of the case of *Carr* v. *Carr, supra,* and similar cases. However, it may be argued by the respondents that the transaction of purchase and sale of the certificates between Mrs. Williams and said defendant should be deemed to have a different legal effect and to vest no title in said defendant as trustee. But whether the defendant mortgage company is the trustee or whether the donor has by her acts and declarations constituted herself the trustee, on the theory that a symbolical delivery of the gift to the donee had been made as to a one-half interest, and, because the law refuses to execute her intent to make the donee a joint tenant, she herself held the future interest in the other half for the benefit of the donee—that is, the question as to who is or was the trustee in this case—it is unnecessary to determine. This is so for the reason that all parties having or claiming any interest are before the court and, the facts giving rise to the creation of the trust as to the beneficiaries being admitted, the liability on the part of the defendants having in their possession said mortgage certificates or any proceeds therefrom is conceded.

The clear intent of the donor to create an estate for the benefit of the plaintiffs respectively as survivor to the whole of said certificates having been ascertained, and the other essential elements also being present or conceded, the cases herein cited compel the conclusion that such intent must be given effect as the declaration of a trust for their benefit as to the whole of said certificates.

The judgment is therefore reversed, with directions to the trial court to amend its conclusions of law and to enter judgment for the plaintiffs in accord with the views herein expressed, neither side to have costs.