[Civ. No. 1848. Fourth Appellate District.—May 20, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Plaintiff and Respondent, v. LOIS FAY HAZELBUD, Defendant and Respondent; ANNA HAZELBUD, Appellant.

Irvine P. Aten and Richard V. Aten for Appellant.

Harvey & Johnston for Plaintiff and Respondent.

Chester R. Andrews for Defendant and Respondent.

BARNARD, P. J.—Ivan Blair Hazelbud opened a savings account in a bank at Bakersfield on October 9, 1928. In open-

ing the account the bank took his signature on a printed card headed "Trust Fund Savings Account" by the terms of which he agreed that all savings deposited in this account and the dividends thereon should be governed by the by-laws of the bank, and he appointed the bank "trustee under the terms of the trust set forth on the reverse side of this card". On the reverse side of the card was the following:

"All deposits to the credit of this account shall be held by United Security Bank and Trust Company in trust to pay such deposits with the accrued interest to me, or to such person as I during my life by my written order shall designate, and at my death to pay the undrawn balances of such deposits and interest to Lois Fay Hazelbud (sister) herein called beneficiary, if living, otherwise to (none) herein called alternate. My written order shall be a complete discharge in favor of the Bank for the amount paid pursuant to such order."

Hazelbud died on October 2, 1934, leaving a widow, Anna Hazelbud, to whom he was married on September 12, 1931.

It was stipulated, and found by the court, that the said Ivan Hazelbud made additional deposits in said account and withdrew money therefrom from time to time; that he kept in his possession at all times a pass or savings account book which was in the ordinary form and which contained no mention of any trust account; that the bank had no signature of anyone else who was authorized to draw from this account; that Lois Fay Morris had no knowledge of said account or of the trust agreement referred to until after the death of Ivan Hazelbud; that all funds deposited in said account were commingled by the bank with funds deposited in other savings accounts and loaned by the bank in connection with the funds of other savings accounts in the usual manner; that the bank collected any interest possibly earned on said moneys and kept the profit, if any, over the regular interest paid on savings accounts; that the bank neither charged nor received any fee for acting as such trustee; and that the bank paid to Ivan Hazelbud on this account the regular interest it paid on other savings deposits.

The bank began this proceeding asking the court to determine whether it, as executor of the will of Ivan Hazelbud, should take over this savings account or whether the money so deposited should be paid to Lois Fay Morris, the sister. By

appropriate pleadings the sister and the widow set up their respective claims. After a hearing, the trial court held that the widow was entitled to one-half of that part of this account which had come from the community funds of herself and the deceased and that the sister was entitled to the balance of the account as the beneficiary of the trust. From the judgment which followed the widow has appealed.

The appellant's first contention is that the agreement under which this account was opened did not constitute a trust but established merely a debtor and creditor relationship between the parties since it provided for the payment of interest on the amounts deposited and thus impliedly gave the bank the right to use the funds for its own purposes. The appellant cites certain cases from other jurisdictions, including *Bair* v. *Snyder County State Bank,* 314 Pa. 85 [171 Atl. 274] ; *Andrew* v. *Presbyterian Church,* 216 Iowa, 1134 [249 N. W. 274], and *In re State Bank of Elkhorn, Neb.,* 129 Neb. 506 [262 N. W. 15]. While the facts in those cases may be distinguished in a number of respects from those now before us, it must be conceded that they furnish support for the contention that a trust relationship and a debtor and creditor relationship cannot exist between the same parties with respect to the same obligation. However, a different rule prevails in this state and from a considerable line of decisions we think it must be taken as established here that the existence of a trust is not defeated, under such circumstances as those now before us, because a debtor and creditor relationship also exists between part or all of the parties.

As was said in *American Bible Soc.* v. *Mortgage Guar. Co.,* 217 Cal. 9 [17 Pac. (2d) 105] :

"It has become the well-established law of this state that where funds have been deposited by one person with the intent to pass a present proprietary interest therein to another jointly with himself with right of survivorship, and the purpose fails, that is, the gift is incomplete by reason of some technicality in the law, and where the essential elements of a trust are established, the manifest intention of the donor may be sustained through the agency of a trust."

The rule there set forth was followed in *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19 [54 Pac. 370, 371], *Drinkhouse* v. *German S. & L. Soc.,* 17 Cal. App. 162 [118 Pac. 953], *Culver* v. *Lompoc Valley Sav. Bank,* 22 Cal. App. 379 [134

Pac. 355], *Williams* v. *Savings Bank of Santa Rosa,* 33 Cal. App. 655 [166 Pac. 366], *Carr* v. *Carr,* 15 Cal. App. 480 [115 Pac. 261], and *Halstead* v. *Central Savings Bank,* 36 Cal. App. 500 [172 Pac. 613]. In *Booth* v. *Oakland Bank of Savings, supra,* the court said:

"There can be no doubt of the intention of Mrs. Bell in this matter, and that intention should be consummated if the law will permit it; and if there is any ground upon which the evidence would justify a judgment in favor of the plaintiffs the motion for a nonsuit should have been denied.

"The evidence falls far short of establishing a completed gift from Mrs. Bell to the plaintiffs; and, although there are features in the case resembling a gift *causa mortis,* there are other features which distinguish it from such a gift; but these need not be discussed, as there was evidence offered on behalf of the plaintiffs to show that Mrs. Bell purported to create a trust for the benefit of the plaintiffs, and that the trust was accepted by the bank."

In all of the cases just cited a debtor and creditor relationship existed between a bank as trustee and the trustor, and also between the trustee and the beneficiary during the life of the trustor. It was, nevertheless, held in each case that a voluntary trust existed with the bank as trustee. So far as the point now raised is concerned, there is no difference in principle between these cases and the case now before us. In fact, in the respect under consideration, the instant case is stronger than the cases mentioned since here a debtor and creditor relationship, as between the bank and the respondent sister, could not arise until after the death of the trustor.

That the rules laid down in the line of cases referred to, beginning with *Booth* v. *Oakland Bank of Savings, supra,* should be applied under the facts here appearing is supported by the language and reasoning of two other cases in this state. In *Sprague* v. *Walton,* 145 Cal. 228 [78 Pac. 645], where a husband shortly before his death, signed two orders authorizing certain banks to allow his wife to draw money from his accounts therein and to have the right of survivorship, the court said:

"Even if it should be found that it was not the intention of Moses Sprague that his wife should draw out the deposits or change them to her own account in his lifetime, the form

of the orders ('with right of survivorship') indicates his intention that she should take them as survivor after his death; and if such was his intention, the transaction would be brought within the doctrine of *Booth* v. *Oakland Bank,* 122 Cal. 19 [54 Pac. 370], where it was held that an arrangement substantially the same as in this case constituted the bank a trustee of the deposit for the benefit of the parties to whom the depositor desired the money to be paid in case of her death.''

In *American Bible Soc.* v. *Mortgage Guar. Co., supra,* where an elderly lady purchased two mortgage certificates, each of which was issued in the name of herself and a corporation as joint tenants, and where it clearly appeared that she intended to retain the right to use the principal and interest thereof during her lifetime and that the corporation named therein should have any part thereof which remained after her death, the court refused to pass upon the question as to whether a joint tenancy with the right of survivorship could be created between an individual and a corporation, and held that in each instance a trust was created with the corporation as beneficiary. In that case the court said:

''The salient features of the present case are not substantially different from the facts bearing on the creation of a trust in the case of a deposit of funds in a bank and constituting the bank a trustee. In each situation funds are paid to the trustee, giving rise to a debtor relationship on the part of the latter with some one or more persons, although in the present case that relationship arises by virtue of the defendant mortgage company's guarantee, and the obligation is evidenced by a 'First Mortgage Certificate' instead of a passbook. In each case the gift is prevented from being completed by the retention of the evidence of title by the donor. In each case the exercise by the donee of rights of ownership or dominion over the jointly owned property, in the one case of the joint right of withdrawal of the deposit or any part thereof and in the other of its right of sale and collection of interest, is prevented by that retention.'' . . .

''The clear intent of the donor to create an estate for the benefit of the plaintiffs respectively as survivor to the whole of said certificates having been ascertained, and the other essential elements also being present or conceded, the cases herein cited compel the conclusion that such intent must be

given effect as the declaration of a trust for their benefit as to the whole of said certificates.''

■ It is argued that the transaction before us could not constitute a trust for the reason that the purported trust agreement contemplated that the bank would use the funds deposited, on which it agreed to pay interest, and that such a use is forbidden by section 2229 of the Civil Code. This part of the question seems not to have been raised in the cases above cited. This code section has nothing to do with the creation of a trust but merely sets forth one of the obligations or duties of a trustee. The record does not disclose whether or not a profit was made on this account, but if it be assumed that the trustee violated its duty in this respect, such a violation could not affect the right of the beneficiary to receive the trust estate. As we have pointed out, trusts of this general nature have long been upheld in this state. The right to provide for a beneficiary in such a manner is so thoroughly established as to have become a rule of property and, under these circumstances, it cannot be held that any such violation of section 2229 of the Civil Code will defeat the right of the beneficiary after the conditions of the trust have been fulfilled and the beneficiary's right to the money is otherwise complete. We conclude that, under the facts here appearing, the relationship between the parties was not merely that of debtor and creditor, but that a trust was also created with the sister as beneficiary.

■ It is next urged that if it be held that a trust was created in favor of the sister such trust was revoked by the trustor's marriage three years after the opening of the account. It is argued that every reason which exists for the revocation of a will by a subsequent marriage also obtains for the revocation of a trust of this nature, and that section 70 of the Probate Code should be so extended by judicial interpretation as to govern here. While the arguments advanced might well appeal to a legislative body the statute in question is clear and plain and cannot be thus extended by any reasonable interpretation.

■ Finally, the appellant contends that she is entitled to all of that part of this bank account which came from community funds deposited therein. It was stipulated as to what part of this account was community funds and what part was separate property. It is argued that under section 172

of the Civil Code the deceased could not make a gift of this community property and that under section 201 of the Probate Code this surviving spouse is entitled to all thereof. Similar questions were considered and decided in *Trimble* v. *Trimble*, 219 Cal. 340 [26 Pac. (2d) 477], and *Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351 [26 Pac. (2d) 482]. In so far as the question presented is concerned, we can see no difference in principle between a provision for a beneficiary through the purchase of a life insurance policy and one through such a trust as this. In our opinion, the rules established by the cases cited are controlling here.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 19, 1937.