[Civ. No. 11040. First Appellate District, Division Two.—May 19, 1939.]

ELIZABETH S. SHELLY et al., Respondents, v. PERCY S. McKIMMONS, as Executor, etc., et al., Defendants; JOHN WESLEY DAVIS, Appellant.

Alvin Gerlack, Irving Schoenfeld and Winston Churchill Black for Appellant.

William A. O'Brien and Rogers, Clark & O'Brien for Respondents.

NOURSE, P. J.—Plaintiffs sued upon a complaint stating three causes of action: For specific performance of a contract, to impress a trust, and for declaratory relief, each involving the proceeds of a war risk insurance policy. Plaintiffs had judgment, and the appeal is on a bill of exceptions.

Frank B. Shelly was a major in the regular army. In 1903 he married his second wife. In 1918 he took out a $10,000 war risk insurance policy naming Mary Shelly, his wife, as first beneficiary. In 1922 he died, and Mary Shelly received the monthly payments on the policy, amounting to over $5,000 until her death in 1934. The federal government thereafter paid the balance of the insurance to the administrator of the estate of Frank B. Shelly. In 1930 Mary Shelly married John Wesley Davis, the defendant herein, having previously executed a will leaving all her property to him. The plaintiffs are the sisters of Frank B. Shelly. The controversy involves the fund thus paid to the administrator of the estate of Frank B. Shelly. The plaintiffs' claim rests upon the promise of Shelly that he would, in consideration for money advanced and services rendered, designate them as beneficiaries of the insurance policies to take in the event his wife should predecease them, and that a trust arose in their favor because of that. They also claim under an express contract to make them such beneficiaries, which they argue was partially performed. The defendant claims as legatee of his deceased wife.

The application for the insurance policy carried this specification which must be deemed to have been accepted and

approved by the insured when he signed the application: "In case any beneficiary die or become disqualified after becoming entitled to an installment but before receiving all installments, the remaining installments are to be paid to such person or persons within the permitted class of beneficiaries as may become designated in my last will and testament, or in the absence of such will, as would under the laws of my place of residence be entitled to my personal property in case of intestacy."

The act of the Congress of October 6, 1917, section 402, under which the policy was issued, provided: "Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries, but only within the classes here provided. If no beneficiary within the permitted class be designated by the insured, either in his life time or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to his personal property in case of intestacy." By the amendment of December 24, 1919 (sec. 13), the Congress enlarged the "permitted class" by including uncles, aunts and others, but did not include the husband of the widow of the insured. In the same act the Congress provided (sec. 15): "That if any person to whom such yearly renewable term insurance has been awarded dies . . . then the monthly installments payable and applicable shall be payable to such person or persons within the permitted class of beneficiaries" as would succeed to the personal property of the insured under the laws of the state of his residence.

These were the regulations existing at the time the soldier died in 1922. Under them he knew that if his wife should die before all the instalments were received the balance would go to his surviving sisters, the respondents herein, and to his two brothers, long since deceased. Evidence, however, was offered that, on numerous occasions, he communicated this intention to the respondents orally and by letter, and that some of these letters were in such form that they did in fact constitute a specific designation of the respondents as secondary beneficiaries.

After the death of the soldier the Congress amended the act (March 4, 1925) to provide that if the *designated* beneficiary die prior to receiving all the instalments the balance shall be paid to "the estate of the insured". *White* v. *United States,* 270 U. S. 175 [46 Sup. Ct. 274, 70 L. Ed. 530], held this provision to be retroactive. Basing his claim upon this provision the appellant offered in evidence a will of Frank B. Shelly executed in 1915 in which he left all his property to his wife Mary Shelly. Then the will of Mary Shelly (Davis) was offered, under which the appellant claims. The meat of the controversy is this: The appellant claims the fund as property belonging to the estate of the insured upon the death of the "designated" beneficiary; the respondents claim either upon the ground that they are to be deemed as "designated" beneficiaries, or upon the ground that the administrator is an equitable trustee of the fund for them under the express trust created by the deceased.

It would serve no purpose to discuss all these grounds. The trial court held upon uncontroverted evidence that the deceased was indebted to the respondents, not only for money advanced, but for personal services rendered in boarding and caring for him and his wife during their illness; that, for these and other good considerations, the deceased had promised them "to apply and pay for a policy of war risk insurance in the face amount of $10,000.00 as provided for in the act of congress approved October 6, 1917, and to nominate therein as the first beneficiary, his wife, Mary E. Shelly, and to nominate as second beneficiaries said plaintiffs and Samuel B. Shelly and to arrange and provide that upon the death of his said wife, all sums remaining due and unpaid under the terms of said policy be paid to plaintiffs and said Samuel B. Shelly in such proportions as they would be entitled to under the act of congress approved October 6, 1917".

This finding fully supports the trial court's conclusion that a trust arose and that the administrator of the soldier's estate holds the fund in trust for these respondents. (*Furman* v. *Craine,* 18 Cal. App. 41, 45 [121 Pac. 1007]; *Owens* v. *Mc-Nally,* 113 Cal. 444 [45 Pac. 710, 33 L. R. A. 369]; *American Bible Society* v. *Mortgage Guar. Co.,* 217 Cal. 9, 13 [17 Pac. (2d) 105].) The conclusion is supported by decisions of the federal court holding that the "designation" of the beneficiaries need not be in the application for the insurance,

or in any special writing communicated to the federal agencies, but that it was sufficient if this were done by letter. (*Claffy* v. *Forbes*, 280 Fed. 233.)

It is argued that this suit should fall because it is an attempt to enforce a creditor's claim contrary to the limitations of the act. But, as the trial court found, the considerations for the promise could not be measured in terms of money. The respondents were both older than the deceased. His wife was an alcoholic and in poor health. He expressed the intention, both orally and in numerous letters, of desiring to provide for his elder sisters, who were both unmarried. He did not treat it as payment of a debt, but as a trust for their special care. The case is closely parallel in this respect to *Christensen* v. *Christensen*, 14 Fed. (2d) 475, 476, where the court said: "It is true that an assignment of the rights to war veterans' insurance would be invalid. However, complainant comes within the permitted class under section 300 (Comp. St., sec. 9127½–300), which provides that 'the insurance shall be payable only to a spouse, child, grandchild, parent, brother, sister, uncle', etc.

"An oral trust is alleged to have been created at the time of taking out the insurance. This was valid under general principles of law (*Hirsh* v. *Auer*, 146 N. Y. 13 [40 N. W. 397]), and there is nothing in the statute which forbids it in relation to the particular insurance here involved. It amounted to a designation of the complainant as a contingent beneficiary at the time the insurance was taken out."

The appellant argues that the fund was community property and hence not subject to a "gift" without the consent of the wife. The trial court found that it was not community, and the evidence sustains this finding. Furthermore, the wife alone could object to the gift. She did not do so, but tacitly consented by her acquiescence in the repeated promises of the deceased. She had received more than half of the entire fund during her lifetime and may be deemed to have treated that as full satisfaction of her community interest.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1939.