[Civ. No. 14202.   First Dist., Div. Two.   Feb. 28, 1950.]

PHIL C. KATZ, as Administrator With the Will Annexed, etc., Appellant, v. FRANCES GREENINGER et al., Respondents.

Elden C. Friel and Henry F. Boyen for Appellant.

Charles L. James for Respondents.

NOURSE, P. J.—This appeal relates to questions of law alone. Evidence was taken at the trial, findings of fact were filed, but appellant did not request a reporter's transcript and none has been filed.

On August 24, 1945, Kate Maher deposited the sum of $5,000 with the Hibernia Savings and Loan Society under a written declaration of trust hereinafter set forth.

On August 6, 1946, Kate Maher was adjudged incompetent and the San Francisco Bank was appointed guardian of her estate. The following day the guardian made written demand upon the Hibernia Bank for possession of the fund on deposit, which was refused. The money on deposit was not required for the maintenance of the incompetent. On August 15, 1946, Kate Maher died. The executrix of her will commenced suit against Frances Greeninger and the Hibernia Bank to recover the fund on deposit, and following the trial the executrix died. After findings were filed and judgment entered in favor of the defendants the public administrator was appointed administrator with the will annexed and substituted as plaintiff in place of the executrix named in the will.

On the trial the defendants put in evidence the document which they assert is a trust agreement and which reads as follows:

"To the Hibernia Savings and Loan Society,
San Francisco, California—No. 675-669

Date: August 24, 1945

"I hereby agree to all the conditions of deposit governing deposits with the Hibernia Savings and Loan Society and to all amendments thereto which may hereafter become effective. I further agree, certify and declare that the moneys deposited by me in the above numbered account, and all future deposits made therein and all accruals thereto are held by me in trust for the benefit of Frances Greeninger hereinafter called the Beneficiary subject to the following conditions:

"1. During my lifetime payments shall be made on my order alone and my receipt shall be a sufficient acquittance to the Hibernia Savings and Loan Society for such payments so made.

"2. In the event of my death the amount then remaining

on deposit shall be payable on the order of the Beneficiary and any amounts so paid shall be his or her exclusive property.

"3. In the event that the Beneficiary predeceases me, this trust shall terminate as of the date of his or her death.

"4. It is hereby expressly agreed that The Hibernia Savings and Loan Society may accept as sufficient proof of my death a duly certified copy of the death certificate issued by the competent authorities whose duty it is to issue such certificates.

KATE HEATH MAHER

For identification of Beneficiary see reverse hereof.''

The appeal presents two questions for decision. First: Does the document accompanying the deposit create a trust? Second: Did the guardian of the estate of the incompetent trustee have the right to demand and take possession of the trust fund?

*First:* The document shows every evidence of a clear and fixed intention to create a trust in accordance with the terms expressed therein. Such a trust is accepted with approval in section 853 of the statute relating to banking (Bank C.A.,) which is based on the former section 15a of the original Bank Act. (Stats. 1909, ch. 76, p. 87; 1 Deering's Gen. Laws, Act 652.) That section provides that when a deposit in a bank is made "which in form is in trust for another" it may be paid to the beneficiary on the death of the trustee though no terms of a valid trust are given in writing. It is a natural corollary that when such terms are clearly expressed in writing, as we have here, then a legal and valid trust is created.

The validity of such a trust is recognized in Restatement, Trusts, section 58; Scott on Trusts, section 58; Bogert, Trusts and Trustees, section 47. These authors discuss at length the question of the intent of the depositor and this is the subject upon which the great number of authorities depend. Generally these cases relate to a deposit entitled "A, in trust for B" with no further expression in writing of the depositor's intent. In such instances oral testimony has been held admissible to prove the depositor's intent as well as to prove an intention contrary to the claim of a trust relation.

In *Kuck* v. *Raftery,* 117 Cal.App. 755 [4 P.2d 552], this court had for consideration a deposit of that character. The trial court had found that no trust was intended. We reversed the judgment holding that the evidence did not support that

finding. In doing so the two rules of decision—one known as the New York rule, the other as the Massachussets rule—were discussed and many cases cited. The decision rested on the authority of *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19 [54 P. 370], which is in accord with the New York rule. In *Bank of America etc. Assn.* v. *Hazelbud,* 21 Cal.App.2d 109 [68 P.2d 385], a case in which the deposit contained more explicit terms of intention to create a trust, the court followed the Booth case and *American Bible Society* v. *Mortgage Guarantee Co.,* 217 Cal. 9 [17 P.2d 105]. *Kosloskye* v. *Cis,* 70 Cal.App.2d 174 [160 P.2d 565], was an "A in trust for B" case. The trial court took evidence of events occurring years after the deposit to show the intention of the depositor and held that no trust had been intended. This was affirmed on appeal. In our case the appellant did not request a reporter's transcript and hence we have no knowledge of what evidence was taken. The trial court found that the deposit was made "with intent to create a voluntary express revocable trust" with Frances Greeninger as the beneficiary. This finding is binding on the appeal. Appellant does not attack it on any specific ground. His argument on the validity of the trust is based on the Massachussets rule which has been rejected as authority in this state.

█ *Second:* Did the guardian of the estate of the incompetent trustee have the right to take immediate possession of the trust fund? *Hallinan* v. *Hearst,* 133 Cal. 645, 650 [66 P. 17, 55 L.R.A. 216], deals with the question of the relation of the guardian of a minor and a vacant trusteeship. It was held that the guardian, as such, "would have no right whatsoever to the possession and management and distribution of the *corpus* of such a trust fund." And also, that if the guardian should be appointed to fill the vacant trusteeship, "he would not take the trust property *as guardian* but as trustee."

The authorities are apparently in accord that the court may authorize the use of the deposit so far as necessary for the care of the depositor who has been declared incompetent. (Scott on Trusts, p. 363 and cases cited in 1944 Supp.) But in *In re Grant,* 122 Misc. 491 [204 N.Y.S. 238], it was held that the guardian of an *incompetent* trustee could *not,* without order of court, take possession of the trust fund since the right of election to withdraw the fund was personal and that the right of the guardian to take possession of the ward's estate applied only to ministerial acts. See generally 112 A.L.R. 1063; 138 A.L.R. 1383; 54 Am.Jur. 82; *Rickel* v. *Peck,* 211

Minn. 576 [2 N.W.2d 140, 138 A.L.R. 1375], a case coming from Minnesota, which follows the New York rule on bank deposit trusts.

Here the depositor expressly reserved the right "on my order alone" to withdraw any part of the fund from the bank. Such discretionary power is subject to control by the court only under special circumstances. (Civ. Code, § 2269.) The method of control is found in the Civil Code. Section 2282 provides that a trustee is removed by a judgment finding that he is of unsound mind. Section 2287 provides that "The superior court shall appoint a trustee whenever there is a vacancy . . ." When the trustee was adjudged incompetent a vacancy in the trusteeship occurred and the duty was then cast upon the superior court to appoint a new trustee on petition for that purpose. Such trustee would thereupon succeed to the title of the trust deposit and would be required to hold the estate under the terms of the trust instrument.

But the guardian of an incompetent person does not have legal title to his ward's estate. (39 C.J.S. § 75.) While the guardian has the right of possession and control, the property is said to be "in custodia legis" and subject to the orders of the court. (25 Am. Jur., Guardian and Ward, § 72.) Appellant relies on section 1501 of the Probate Code which gives a guardian power to collect debts owing to the ward. To apply this section it would require a rejection of the entire trust relation and a treatment of the deposit as nothing more than a relation of debtor and creditor.

From the foregoing discussion there would appear to be some confusion in the authorities relative to the duties of a guardian of an incompetent trustee. This is because no authorities have been found which pass directly on the point involved. Those cases which hold that the guardian may draw on the trust estate for the necessary support of his ward are not applicable here because the trial court found that Mrs. Maher left an estate of over $43,000 of which more than $10,000 was in cash. She died nine days after she was declared incompetent and it does not appear that the trust fund was needed for her maintenance. But even in those cases which permit a withdrawal for maintenance the better reasoned ones tie the power of the guardian to the supervision and control of the court.

Whatever may be the rule in this state when the guardian is in need of a trust estate for the support of the ward, we are

satisfied that, when such condition does not exist, the guardian is without power, in absence of a court order, to take possession of the trust estate, or to exercise the right of election to discontinue the trust which had been reserved to the trustee alone. And in absence of authority either way we would conclude that the proper procedure would be to appoint a new trustee to take possession of the estate.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.