[Civ. No. 21529. Second Dist., Div. Two. June 15, 1956.]

Guardianship of the Person and Estate of HENRY CUEN, an Incompetent Person. CHLOE HUBBS, Appellant, v. DEPARTMENT OF MENTAL HYGIENE et al., Respondents.

George I. Devor and Paul P. Selvin for Appellant.

Edmund G. Brown, Attorney General, Ariel C. Hilton, Deputy Attorney General, and Moss & Sherman for Respondents.

MOORE, P. J.—In this action the probate court held that it had no jurisdiction to try title to a certain tentative trust fund; that title to such fund must be tried in another forum. However, the title to such fund was in effect tried. Now, appellant contends that (1) no one asked the trial court to determine title; (2) in fact, no question as to title exists; (3) there is no dispute between the guardian and appellant.

Henry Cuen at an advanced age became mentally and physically incapacitated on January 8, 1951. Amelia McFarland, his sister, was appointed guardian of his estate and person on January 30, 1951. His property consisted of a savings account in the sum of $3,751.89; a mortgage owing from Elmer Moorehead and Chloe Hubbs Moorehead in the sum of $2,594.74; two pieces of improved realty appraised at $5,800 and $5,700 respectively; and also a deposit in the sum of $4,783.82 in the Coast Federal Savings and Loan Association in the name of "Henry Cuen, trustee for Mrs. Chloe Hubbs, niece."

By such deposit, the incompetent clearly intended to retain ownership thereof but that in the event his niece should survive him, the entire trust fund should go to, and become her property. He did not promptly pass from the mundane scene, but survived and, though he became a helpless incompetent, still survives the ravages of time. However, as time marched on, the care of him ate into his modest estate until finally by June 9, 1954, all the assets of the estate had been exhausted for his medical expenses and the maintenance of the

real properties except (1) the deposit with Coast Federal tentatively in trust for Mrs. Hubbs* and (2) the two pieces of real property. On the last-mentioned date, the court authorized the guardian to draw $2,000 out of the tentative trust fund to repair the real property. But such fund was not withdrawn.

On June 7, 1955, Mrs. Hubbs filed a petition asking that all other assets of the estate be exhausted before any drafts be made on the tentative trust fund, on the basis that she was the beneficiary of such trust and had an interest in same. The basis for her petition was Civil Code, section 3433, relative to the rights of different creditors, to wit:

"Relative rights of different creditors. Where a creditor is entitled to resort to each of several funds for the satisfaction of his claim, and another person has an interest in, or is entitled as a creditor to resort to some, but not all of them, the latter may require the former to seek satisfaction from those funds to which the latter has no such claim, so far as it can be done without impairing the right of the former to complete satisfaction, and without doing injustice to third persons."

At the hearing on the petition, the guardian, who was the mother of Mrs. Hubbs, testified that she was "indifferent" to the petition and would give her daughter the money. No explanation was volunteered as to why the $2,000 had not been withdrawn to improve and repair the real property, but it was pointed out that the sale of the real property would cut off the incompetent's income and that the cost of his care in the state hospital would rapidly deplete the resources of the estate. It was suggested also that the second annual report showed that the income from one piece of property was $550 and from the other piece, $660 for the preceding year, while the income from the fund on deposit at Coast Federal was only the annual interest. From such contrast it was at once apparent that the real property is more valuable to the incompetent's estate than the money which constitutes the tentative trust.

---

*The petition of appellant alleged that "prior to his adjudication of incompetency and prior to the year 1951, the incompetent created a tentative trust for the benefit of petitioner . . . by a deposit of $4,783.82 in the Coast Federal Savings and Loan Association of Los Angeles California, by the now incompetent and the issuance to him of a pass book inscribed as follows: 'Henry Cuen, trustee for Mrs. Chloe Hubbs, niece.' "

Appellant's petition presented the distinct question as to what order should be followed in exhausting the incompetent's estate. This required the court to determine which item of the estate should be consumed first in the care and treatment of the incompetent and in the maintenance of the property with the view of having it so used as was best calculated to extend its existence so that the incompetent might the longer be supported by his own resources and so that if any portion of the estate should not be consumed it would be the funds of the tentative trust. While counsel for the Department of Mental Hygiene contended that the proceeding involved the issue of title and that the probate court had no jurisdiction, appellant conceded that title to the tentative trust fund "is still vested in the incompetent." Despite such concession, the court indicated that there has to be a determination of title before spending the fund. In its order instructing guardian, the court ordered that "Amelia McFarland, as guardian of the person and estate of the above named incompetent be, and she is hereby instructed to exhaust all assets, other than the sum of $4,783.82 now on deposit in the Coast Federal Savings and Loan Association of Los Angeles, California, before resorting to said fund for the support and maintenance of the above named incompetent unless prior thereto the rights, if any, of Chloe Hubbs to said fund shall have been finally determined, and if no action or proceeding shall have been filed after the exhaustion of all other assets the guardian may resort to the said funds for the support of said incompetent."

Now, since Mrs. Hubbs does not maintain that she is presently entitled to the fund and the guardian agrees that the deposit in the Coast Federal is a tentative trust, no question as to title was by pleading or evidence presented to the court below. In fact, if it had been an issue, all the evidence would impel the finding that the title of the trust fund was not involved in the proceeding. The mere deposit by one person of his own money in his own name as trustee for another does not establish an irrevocable trust during the depositor's lifetime. Unless the depositor dies while the deposit stands as at first recorded on the books of the depositary, or unless the depositor by lawful means transmutes the trust fund into a gift *inter vivos*, it continues as the property of the depositor held in a tentative trust. *Brucks* v. *Home Federal Sav. & Loan Assn.*, 36 Cal.2d 845, 850 [228 P.2d 545].) The assertion of the attorney general that title

was involved was not evidence and did not, by its mere utterance, constitute an issue as to the title of the Coast Federal deposit. ▮ Inasmuch as (1) no one asked the trial court to determine title and (2) appellant concedes on appeal that the title to the fund remains in the incompetent and (3) the finding is that the fund is a tentative or Totten Trust, the only matter yet to be judicially determined is whether all or any part of the fund should be consumed in the care of the incompetent and in the maintenance of the real properties, rather than sell one or both parcels of realty for the care and treatment of the incompetent. Such determination may be made after ascertaining the probable longevity of the incompetent, the condition and the cost of the upkeep of the realty, the amount of its taxes and insurance and such other facts as will illuminate the scene and enable the court to determine the equities of the situation. The guardian cannot make such determination. (See *Katz* v. *Greeninger,* 96 Cal. App.2d 245, 248 [215 P.2d 121]; 138 A.L.R. 1383.) The property is *in custodia legis,* subject only to the orders of the court. (25 Am.Jur. Guardian and Ward, § 72.) ▮ A petition for instructions pursuant to Probate Code, section 1516, is the appropriate and correct method for presenting such a matter to the court. The court's order must be based upon competent evidence. Failure to receive such proof went to the heart of the proceeding and invalidated the judgment now on appeal.

Reversed.

Fox, J., and Ashburn, J., concurred.